UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY ELLEN JONES,

    Petitioner,

v.                                     Case No.:  2:20-cv-727-SPC-NPM

MARIE BOAN,

    Respondent.

_____/

## **OPINION AND ORDER**[1]

Before the Court is Mary Ellen Jones' Verified Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1).

## Background

On January 13, 2013, Jones drove a vehicle off the road and into a tree in Cape Coral, Florida. There were six children in the car, and two of them suffered serious bodily injuries. At the scene of the crash, police found oxycodone and alprazolam tablets, marijuana, rolling papers, scissors, and a cigar tube in Jones' purse. (Doc. 9-2 at 66). An ambulance took Jones to Lee Memorial Hospital in Fort Myers, Florida.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Officer Heather Causer of the Cape Coral Police Department (CCPD), a certified drug recognition expert, met with Jones at the hospital. Jones voluntarily provided a blood sample for drug and alcohol screening, and Causer began—but did not finish—a drug recognition evaluation and found Jones "obviously impaired." (*Id.* at 80). Police also interviewed witnesses who observed Jones before and after the crash.

The State of Florida charged Jones with six criminal counts: (1) driving under the influence (DUI) causing serious bodily injury; (2) possession of controlled substance; (3) possession of marijuana; (4) possession of paraphernalia; (5) DUI causing serious bodily injury; and (6) possession of controlled substance. (*Id.* at 169). Attorney Joseph Viacava entered his appearance for Jones and moved to suppress all evidence Causer collected and observed at the hospital. (*Id.* at 205-17). The trial court denied the motion. (*Id.* at 240).

Jones pled guilty to possession of marijuana and paraphernalia. (*Id.* at 248-52). A jury found her guilty of the remaining charges. (*Id.* at 261-62). The trial court sentenced Jones to ten years in prison, followed by ten years of drug offender probation. (*Id.* at 306-18). Jones appealed with the assistance of attorney Keith Upson. The Second District Court of Appeals of Florida (2nd DCA) affirmed without a written opinion. (*Id.* at 1577). Jones filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. The

post-conviction court summarily denied the motion, (*Id.* at 1652), and the 2nd DCA affirmed without a written opinion, (*Id.* at 1855). This federal habeas action timely followed.

## Applicable Habeas Law

### A. AEPDA

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *White*, 134 S. Ct. at 1702; *Casey v. Musladin*,

549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).

When reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28

4

U.S.C. § 2254(e)(1); *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux,* 138 S. Ct. 2555, 2558 (2018).

**B. Exhaustion**

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.,* 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen,* 605 F.3d 1114, 1119 (11th Cir. 2010)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary,* 135 F.3d 732, 735 (11th Cir. 1998).

Procedural defaults generally arise in two ways:

5

> (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.

*Cortes v. Gladish,* 216 F. App'x 897, 899 (11th Cir. 2007).

### C. Ineffective Assistance of Counsel

In *Strickland v. Washington,* the Supreme Court established a two-part test for determining whether a convicted person may have relief for ineffective assistance of counsel. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id.*

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden,* 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland,* 466 U.S. at 689). And "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Franks v. GDCP Warden,* 975 F.3d 1165, 1176 (11th Cir. 2020) (quoting *Richter,* 562 U.S. at 101). Thus, a habeas petitioner must "show that no reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." *Id.* This is a "doubly

deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sealey*, 954 F.3d at 1355 (quoting *Strickand*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The critical question on federal habeas review is not whether this Court can see a substantial likelihood of a different result had defense counsel taken a different approach. *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021). All that matters is whether the state court, "notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree." *Id.* (quoting *Knowles v. Mirazayance*, 556 U.S. 111, 123 (2009)).

"An ineffective-assistance claim can be decided on either the deficiency or prejudice prong." *Sealey*, 954 F.3d at 1355. And "[w]hile the *Strickland* standard is itself hard to meet, 'establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.'" *Id.* (quoting *Richter*, 562 U.S. at 105).

7

## Analysis

### A. Ground 1: Illegal search and seizure

Jones claims Officer Causer violated her Fourth and Fourteenth Amendment right to be free from unreasonable search and seizure by soliciting a blood sample and performing a drug recognition evaluation outside the jurisdiction of CCPD. Jones moved to suppress all evidence derived from Causer's investigation at the hospital. The trial court denied the motion after an evidentiary hearing. (Doc. 9-2 at 240). Jones raised the issue on direct appeal, and the 2nd DCA affirmed.

While Jones frames this ground as a federal constitutional issue, it rests on Florida's "color of office" doctrine, which dictates when law enforcement officers in Florida may use the power of their office "to observe unlawful activity or gain access to evidence not available to a private citizen." *State v. Price*, 74 So. 3d 528, 530 (2d. Dist. Ct. App. Fla. 2011) (quoting *Phoenix v. State*, 455 So. 2d 1024, 1025 (Fla. 1984)). "It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'" *Herring v. Sec'y, Dep't of Corrs.*, 397 F.3d 1338, 1355 (11th Cir. 2005) (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)). The state courts' rejection of Jones' "color of office" argument thus cannot be the basis for federal habeas relief. That is true even though this ground "is 'couched in terms of equal protection and due process.'" *Branan*

8

*v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)).

The rule stated in *Stone v. Powell*, 428 U.S. 465 (1976) also precludes federal habeas review of this ground. In *Stone*, the Supreme Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. In the Fourth Amendment context, "full and fair consideration" means "at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute.'" *Bradley v. Nagle*, 212 F.3d 559, 565 (11th Cir. 2000) (quoting *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)). Jones received full and fair consideration of this ground in the form of an evidentiary hearing before the trial court and review by the 2nd DCA.

Ground 1 is not cognizable on federal habeas review, so the Court denies it.

### B. Ground 2: Appellate counsel failed to argue insufficiency of the evidence

Jones argues the State failed to present evidence that the drugs in her system impaired her, but her appellate counsel, Keith Upson, did not raise the

issue. Jones claims this failure amounts to ineffective assistance of counsel.

The state post-conviction court denied this ground for procedural reasons:

> To the extent that Defendant argued she is entitled to effective appellate counsel, "claims for ineffective assistance of appellate counsel are not cognizable in a rule 3.850 motion for postconviction relief, *See Groover v. Singletary,* 656 So. 2d 424 (Fla. 1995); *Chandler v. Dugger,* 634 So. 2d 1066, 1068 (Fla. 1994), and are more appropriately raised in petitions for habeas corpus." *Downs v. State,* 740 So. 2d 506 (Fla. 1999). Further, "a claim of ineffective assistance of appellate counsel should not be raised in a rule 3.850 proceeding, but rather should be raised in a habeas corpus proceeding before the court which considered the appeal. *See Smith v. State,* 400 So. 2d 956 (Fla. 1981); *Romano v. State,* 491 So. 2d 1188 (Fla. 4th DCA 1986); *Bailey v. State,* 475 So. 2d 296 (Fla. 1985)." *Smith v. State,* 543 So. 2d 316 (Fla. 5th DCA 1989). The record reflects that Defendant did not file a Habeas Corpus claim with the appropriate court that heard the appeal. Claims for ineffective assistance of appellate counsel are not cognizable in a rule 3.850 motion. Defendant has failed to allege any facts that, if true, would satisfy either prong of *Strickland*.

(Doc. 9-2 at 1654). The 2nd DCA—the state court that would have considered this ground had Jones properly raised it—affirmed. (*Id.* at 1855).

Jones argues she exhausted this ground despite her noncompliance with state procedural rules because "the issue was fairly presented to the Florida courts" and "[t]he choice of the Florida courts to reject the claim on procedural grounds does nothing to minimize or eliminate the fair presentation." (Doc. 10 at 3). She is incorrect. The Supreme Court has been clear on this point:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and

10

> actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Jones makes no attempt to show cause and actual prejudice or a fundamental miscarriage of justice. Even if she did attempt to make such a showing, the record does not support it. The State presented ample evidence to support a finding that Jones was impaired when the accident occurred. Jones' blood tested positive for diazepam, alprazolam, and oxycodone (plus nordiazepam, a metabolite of diazepam). (Doc. 9-2 at 1261). Police found two of those drugs in Jones' purse. Toxicology expert Dr. Leandra Higginbotham testified that the amounts of the drugs in Jones' blood could be enough to impair someone, depending on their tolerance, and the combination of the would cause additive effects. (*Id.* at 734-38). Side effects of those drugs include drowsiness, confusion, slurred speech, decreased alertness and coordination, and constricted pupils. (*Id.* at 739-40).

Witnesses at the scene of the crash noticed Jones' impairment. The oldest child in the vehicle testified that Jones was driving and acting "funny" before the accident, her speech was slurred, and she would close her eyes for four or five seconds at a time while driving. (*Id.* at 847). Sandra Whetsell—a nurse who stopped to help after the crash—testified that Jones was sluggish, her pupils were constricted, her speech was slurred, and she "didn't seem to

11

have a care in the world while all these bloody kids were all over the road." (*Id.* at 547).

Witnesses at the hospital made similar observations. Dr. Denise Thurling, who treated Jones after the crash, testified that Jones had an "altered mental state" and constricted and sluggish pupils. (*Id.* at 891-93). Jaqueline Munyon, the mother of one of the children, testified that Jones "appeared to be high" after the accident. (*Id.* at 972). She described Jones' eyes as bloodshot and glossy, with "very, very small" pupils and her speech as crackling, rambling, and slurred. (*Id.* at 974). Two weeks later, Jones admitted to Munyon that she was high. (*Id.*)

The State presented sufficient evidence to establish that Jones was impaired at the time of the crash. Challenging the sufficiency of the evidence on appeal would have been futile, and Upson cannot be considered deficient for failing to raise a futile argument. Jones was not prejudiced by the omission of this futile argument, and there is no risk of a miscarriage of justice. Thus, she cannot overcome her procedural default. Ground 2 is denied.

### C. Ground 3: Trial counsel failed to object to a disproportionate sentence

Finally, Jones argues she was less culpable than a typical offender because she suffers from a drug addiction, so her sentence was excessive in violation of the Eighth Amendment. As support, she cites *Graham v. Florida,*

12

560 U.S. 48 (2010) and *Miller v. Alabama,* 567 U.S. 460 (2012), in which the Supreme Court found life sentences for juvenile offenders excessive. Jones asserts Viacava provided ineffective assistance because he did not push for a reduced sentence based on her lessened culpability. The post-conviction court denied this ground:

> 11. The State argued that Defendant's reliance on *Graham* and *Miller* is misplaced because Defendant was 35 years old at the time of the commission of the crime. The State contended that *Graham* and *Miller* apply to sentencing criminal defendants, who were juveniles at the time of the commission of the crime, to life in prison; therefore, neither case is applicable to Defendant. Secondly, the State contended that the statutory provision for a reduced sentence or departure is not applicable to Defendant's case because Defendant relies on the fact that she has a substance abuse issue, and Defendant scored 107.4 sentence points, which is above the required 60 points or fewer for mitigation. The State conceded that the statute allows for a departure sentence under narrow circumstances; however, Defendant is not entitled to relief based on the wording of the statute. The State cited to Fla. Stat. § 921.0026(3) (2015), which states in part, "…the defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (2) and does not, under any circumstances, justify a downward departure from the permissible sentence range." The State contended that since Defendant claimed that she had a substance abuse problem, she is not entitled to a reduced sentence. The State also contended that during the sentencing hearing, the trial court found factors that supported an increase in Defendant's sentence, which was above the 107.4 month minimum…
>
> 12. The Court finds that the scoresheet indicated that the bottom of the guidelines was 107.4 months in prison. Therefore, the sentences are legal, they are well below the maximum as permitted by Florida law, and are not disproportionate. *See* Fla. Stat. § 775.082. As a result, the sentence was tailored to Defendant and was proportional…Defendant mistakenly cited to the *Graham* and

> *Miller* decisions that involve excessive punishment of life sentences for juvenile offenders, which is inapplicable to the case at hand because the Defendant was 35 years old when she committed the offenses, not a juvenile. To the extent that Defendant argued that she is entitled to a reduces sentence based on her lessened culpability, Defendant relied on her substance abuse issue to support mitigation. As discussed, Defendant's claim is misplaced because the statute applies to criminal defendants who do not have a substance abuse issue; therefore, a downward departure does not apply to Defendant. *See* Fla. Stat. § 921.0026(3). During sentencing, the Court stated, "I under [sic] the fact pattern presented, as well as her record, a little bit more time than that is warranted."…Defendant could have been sentenced to 20 years in prison consecutive and only received 10 years in prison, and 10 years drug offender probation. Defendant has failed to allege any facts that, if true, would satisfy either prong of *Strickland*.

(Doc. 9-2 at 1655-56).

The state post-conviction court did not misapply any federal law. *Graham* and *Miller* are indeed inapplicable here because Jones was not a juvenile and was not sentenced to life imprisonment. Jones' entitlement to a downward departure from the permissible sentencing range is a state law issue, and federal habeas courts "'must defer to the state's construction of its own law" when an attorney's alleged failure turns on state law. *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)). This Court cannot second-guess the post-conviction court's ruling that Jones was not entitled to a reduction in her sentence.

It would have been futile to argue that Jones was entitled to a reduced sentence due to her drug addiction. Viacava cannot be deemed deficient for failing to raise a futile argument, and Jones was not prejudiced by its omission. Ground 3 is denied.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting* *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Jones has not made the requisite showing here and may not have a certificate of appealability on his Petition.

Accordingly, it is now

**ORDERED:**

Mary Ellen Jones' Verified Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to

terminate all pending motions and deadlines, enter judgment for Respondent and against Petitioner, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 19, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

16